J-S26035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOAQUIN BERRUN | : | |
| | : | |
| Appellant | : | No. 326 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 6, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000931-2022

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                **FILED SEPTEMBER 02, 2025**

Joaquin Berrun ("Berrun") appeals from the judgment of sentence imposed by the Dauphin County Court of Common Pleas ("trial court") following his entry of a nolo contendere plea to two counts each of rape by forcible compulsion and involuntary deviate sexual intercourse, and one count each of strangulation, aggravated indecent assault, unlawful restraint, terroristic threats, possession of an instrument of a crime, simple assault, possession of a controlled substance, and use or possession of drug paraphernalia.[1]  Berrun's counsel, Attorney Spencer H.C. Bradley ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa.

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 2718(a)(1), 3125(a)(2), 2902(a)(1), 2706(a)(1), 907, 2701(a)(1); 35 P.S. § 780-113(a)(16), (32).

2009). Upon review, we grant Counsel's petition to withdraw and affirm Berrun's judgment of sentence.

On October 28, 2021, Berrun met with his ex-girlfriend, and they had consensual sex. However, Berrun became angry after discovering his ex-girlfriend had been intimate with another man. Berrun then raped her twice and choked her with a vacuum extension while threatening to kill her. Thereafter, he forced her to engage in anal and oral sex. The police later arrested Berrun and the subsequent search revealed he possessed a bag of cocaine.

Prior to trial, on September 19, 2024, Berrun agreed to enter an open plea of nolo contendere to the above charges. The trial court accepted the plea and deferred sentencing. On January 6, 2025, the trial court sentenced Berrun to an aggregate term of thirteen and one-half to twenty-seven years of incarceration with a consecutive period of five years of probation.[2]

---

[2] The trial court sentenced Berrun to seven and one-half to fifteen years of incarceration for each of the rape by forcible compulsion convictions, which run concurrently with each other, and six to twelve years of incarceration for each of the involuntary deviate sexual intercourse convictions, which run concurrently with each other and consecutively to the rape sentences. Further, the trial court sentenced him to five years of probation for the strangulation charge, to be served consecutively following his prison sentence. Finally, the trial court sentenced Berrun to four to eight years of incarceration on the aggravated indecent assault charge, to run concurrently with the rape sentences. The trial court imposed no further sentence for the remaining convictions.

On January 14, 2025, Berrun filed a motion for modification of sentence, which the trial court denied. Berrun timely appealed.

Counsel filed an **Anders** brief and petition to withdraw as counsel in this Court. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Cox**, 231 A.3d 1011, 1014 (Pa. Super. 2020). There are mandates that counsel seeking withdraw pursuant to **Anders** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal seeking counsel to withdraw under **Anders** must file a petition averring that, after conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 3/28/2025. In conformance with **Santiago**, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Berrun's appeal. **See Anders** Brief at 6-27. Counsel's brief further includes discussion of, and citation to, relevant authority in support of his conclusion that the appeal is frivolous. **Id.** at 14-27. Finally, Counsel attached to his **Anders** brief the letter he sent to Berrun, which enclosed Counsel's petition and **Anders** brief.

Counsel's letter advised Berrun of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* at Exhibit C. Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issues Counsel raised in the *Anders* brief: the validity of the nolo contendere plea, the legality of the sentence, and a challenge to the discretionary aspects Berrun's sentence. *Id.* at 14-27.

### Validity of Nolo Contendere Plea

For his first issue, Berrun argues that his nolo contendere plea was not valid. *Id.* at 14. Berrun contends that the Commonwealth's colloquy did not mention the potential increased penalty for a second or subsequent possession of a controlled substance conviction and it did not mention any fines for any of the offenses. *Id.* at 16-17.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013); *see also* Pa.R.Crim.P. 720(B)(1)(a)(i). Failure to do so results in waiver. *Lincoln*, 72 A.3d at 610.

Berrun failed to challenge the validity of his nolo contendere plea during his plea colloquy, at sentencing, or in his post-sentence motion. Therefore, this issue is waived. *See id.* We thus agree that Berrun's first claim is frivolous. *See Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super.

2017) (finding that waived issues raised on appeal are frivolous); **see also**

**Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining

that precedent does not permit "this Court to address issues that were not

properly preserved in the trial court" and "the mere filing of an **Anders** brief

and petition to withdraw will not serve to resuscitate claims that were already

waived upon the filing of the notice of appeal").

### Legality of Sentence

For his second issue, Berrun challenges the legality of his sentence.

**Anders** Brief at 19.  In particular, he argues that the sentences for rape and

involuntary deviate sexual intercourse should have merged.  **Id.** at 20.

Our standard of review for a challenge to the legality of a sentence is de

novo and our scope of review is plenary.  **Commonwealth v. Talley**, 236

A.3d 42, 52 (Pa. Super. 2020).

Section 9765 of the Sentencing Code directs our analysis of whether

crimes merge for sentencing purposes:

> No crimes shall merge for sentencing purposes unless the crimes
> arise from a single criminal act and all of the statutory elements
> of one offense are included in the statutory elements of the other
> offense.  Where crimes merge for sentencing purposes, the court
> may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.  "The statute's mandate is clear.  It prohibits merger unless

two distinct facts are present: 1) the crimes arise from a single criminal act;

and 2) all of the statutory elements of one of the offenses are included in the

statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. Th[e] issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, [and if so,] then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

***Commonwealth v. Leaner***, 202 A.3d 749, 785 (Pa. Super. 2019) (citation omitted).

A person commits rape if a "person engages in sexual intercourse with a complainant by forcible compulsion." 18 Pa.C.S. § 3121(a)(1). Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." ***Id.*** § 3101.

A person commits involuntary deviate sexual intercourse if a "person engages in deviate sexual intercourse with a complainant by forcible compulsion." ***Id.*** § 3123(a)(1). Deviate sexual intercourse is defined as "[s]exual intercourse per os or per anus between human beings … [t]he term also includes penetration, however slight, of the genitals or anus of another person with a foreign object[.]" ***Id.*** § 3101.

The record reflects that at sentencing, the trial court determined that there were two distinct incidents of forcible vaginal penetration, and one incident each of involuntary deviate sexual intercourse, one oral and one anal.

*See* N.T., 1/6/2025, at 25-26 (the trial court states that it "can't just group them into one and treat it as a single offense because each one of those is a brutalization that kind of stands on its own"). Following our review of the record, we agree with the trial court's conclusion. At the guilty plea colloquy, Berrun pled no contest to the factual basis of the plea which included a recitation of the separate assaults, which described two incidents of forcible vaginal penetration, one incident each of forcible digital and penial penetration of the victim's anus, and one incident of forcible oral sex. *See* N.T., 9/19/2024, at 19-20. Each of these incidents were distinct crimes and thus do not merge. For these reasons, and the trial court did not err in imposing separate sentences for those crimes, and we agree with Counsel that the claim is frivolous.

## Discretionary Aspects of Sentencing

Berrun also challenges the discretionary aspects of his sentence. *Anders* Brief at 21. He argues that he presented evidence to justify a low-end standard range sentence, with all separate sentences running concurrently, rather than consecutively. *Id.* at 22. Further, Berrun argues that the trial court did not sufficiently consider or weigh his mitigating factors. *Id.* at 22-23.[3]

---

[3] We note that when a defendant enters an open plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

There is "no absolute right to appeal when challenging the discretionary aspects of a sentence." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010). To invoke this Court's jurisdiction, Berrun must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McCain***, 176 A.3d 236, 240 (Pa. Super. 2017). "A substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Berrun preserved the issue in a post-sentence motion and filed a timely appeal. Although Berrun did not include a Rule 2119(f) statement in his brief, the Commonwealth did not file a brief and, therefore, did not object to this failing; as such, we will not find his discretionary sentencing claim

waived. ***Commonwealth v. White***, 193 A.3d 977, 982 (Pa. Super. 2018);

***see also Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015)

("Where counsel files an ***Anders*** brief, this Court has reviewed the matter

even absent a separate Pa.R.A.P. 2119(f) statement.") (citations omitted).

The issue he raises challenges his sentence as excessive based upon the trial

court's failure to consider evidence in mitigation, which we have held presents

a substantial question for our review. ***Commonwealth v. Swope***, 123 A.3d

333, 339 (Pa. Super. 2015).

Our standard of review when a defendant raises a challenge to the

discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion.  In this context, an abuse
> of discretion is not shown merely by an error in judgment.  Rather,
> the appellant must establish, by reference to the record, that the
> sentencing court ignored or misapplied the law, exercised its
> judgment for reasons of partiality, prejudice, bias, or ill will, or
> arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation

omitted).

If the trial court had the benefit of a presentence investigation report,

we can presume "that the court is aware of all appropriate sentencing factors

and considerations, and that where the court has been so informed, its

discretion should not be disturbed." ***Commonwealth v. Miller***, 275 A.3d

530, 535 (Pa. Super. 2022); ***see also Commonwealth v. Rhoades***, 8 A.3d

912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the

benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation and quotation marks omitted).

At sentencing, Berrun presented several witnesses, who testified that Berrun is a devoted father, caring and generous, and a great friend. *See* N.T., 1/6/2025, 11-19. Further, Berrun testified on his own behalf, stating that he is a loving and caring man, and this incident was not representative of his character. *Id.* at 20-23. He also highlighted that he is a father to a nine-year-old daughter, and that if he was sentenced to twenty-five years he would not get out of prison until she is thirty-four years old. *Id.* at 23.

The record reflects that the trial court was informed by his presentence investigation report, and further that it expressly considered the sentencing guidelines, Berrun's character witnesses, and the evidence-based risk assessment. N.T., 1/6/2025, at 11-19, 24-25; *see also* Trial Court Opinion, 5/6/2025, at 5 (unnumbered). It also considered the brutality of the crime, discussing the bruising and scratching on the victim, the injuries that were observed vaginally and anally, and the evidence of the strangulation. N.T., 1/6/2025, at 24-25. The trial court structured the sentence to allow Berrun to have access to sex offender and violent offender treatment. *Id.* at 26.

We conclude that there is no support for Berrun's claim that the trial court abused its discretion in sentencing him. Given that the trial court had

the benefit of a presentence investigation report, we presume that it was aware of, and considered, all relevant sentencing factors. *See Miller*, 275 A.3d at 535. Further, as noted above, the trial court expressly stated its consideration of the mitigating evidence Berrun presented. Finally, the sentence imposed in this case properly reflected the court's consideration of the seriousness of Berrun's crimes and balanced that against the mitigating factors. *See Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). Accordingly, the trial court did not abuse its discretion, and we agree that, under the circumstances presented here, the claim is frivolous.

Our independent review of the record reveals no non-frivolous issues that Counsel omitted. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Berrun's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025